UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 10-10315 WGY |
| v. | Violations: |
| | 26 U.S.C. § 7206(2) |
| PATRICE TIERNEY | |
| Defendant. | |

INFORMATION

THE UNITED STATES ATTORNEY charges that:

COUNTS ONE THROUGH FOUR
(Aiding and Abetting the Filing of False Tax Returns)

1. At all times relevant to this Information:

   a. Unlicensed and unregulated sports wagering was illegal in all fifty states, and the use of any facility in interstate and foreign commerce to distribute the proceeds of illegal gambling, operating an illegal gambling business, and being a person engaged in the business of betting or wagering using interstate and foreign wire communication facilities to transmit wagers and wagering information violated the laws of the United States, including Title 18, United States Code, §§ 1952(a), 1955, and 1084(a).

   b. Sports Offshore, also known as Sports Off Shore and SOS, was an International Business Corporation doing business in St. John's, Antigua. Sports Offshore was in the business of accepting wagers on sporting events. Sports Offshore was ostensibly licensed to conduct "interactive gaming and interactive wagering," however, that license was terminated in July 2009. In truth and fact, Sports Offshore's activities violated the laws of the United States, the laws of the Commonwealth of Massachusetts (Chapter 271, Sections 5, 5A, 16A, 17, and

17A of the General Laws of the Commonwealth of Massachusetts), and violated the terms of its Antiguan license. The illegal gambling business which operated as Sports Offshore had its roots in an illegal gambling business that was based in Lynnfield, Massachusetts. In approximately 1996, Robert Eremian and others known and unknown to the U.S. Attorney moved the business office from Lynnfield, Massachusetts to St. John's, Antigua; however, the U.S. based network of agents and customers remained intact.

   c. Robert Eremian was the owner and principal of Sports Offshore. Eremian is a citizen of the United States who resided in the District of Massachusetts until approximately 1996 when he relocated the headquarters for his illegal gambling business to Antigua. Eremian has maintained a residence and other financial and family interests in Massachusetts and elsewhere in the United States while he has resided in Antigua. Eremian managed certain of his U.S. based financial interests and family obligations through bank accounts in Massachusetts funded by the proceeds of his illegal gambling activities.

   d. Robert Eremian and others known and unknown to the U.S. Attorney, acted together to operate the business of Sports Off Shore for the purpose of, among other things: (1) to earn money through illegal gambling activities; (2) to launder the proceeds of illegal gambling activities; and (3) to commit various other crimes related to the operation of an illegal gambling business.

   e. The defendant **PATRICE TIERNEY** is the sister of Robert Eremian. **TIERNEY** managed certain of Robert Eremian's U.S. based financial and family obligations through a Bank of America bank account in the District of Massachusetts that was funded by Robert Eremian with the proceeds of illegal gambling activities. **TIERNEY** maintained detailed

records of financial transactions involving this account which were used to prepare Robert Eremian's tax returns.

  f. Benevolence Funding, Ltd. was an Antiguan business entity used by Sports Offshore to receive the proceeds of illegal gambling from customers in the United States who opted to pay their gambling debts by check or wire transfer. Agents of Sports Offshore operating in the United States also were instructed to make checks payable to Benevolence Funding, Ltd. for the purpose of transferring funds to Sports Offshore. Benevolence Funding, Ltd. was the source of certain funds deposited in the Bank of America account managed by the defendant **PATRICE TIERNEY.** From approximately 2003 through 2009, Robert Eremian caused in excess of $7 million of proceeds of illegal gambling activity obtained by Sports Offshore to be deposited in the bank account at Bank of America managed by the defendant **PATRICE TIERNEY.**

  g. In an effort to conceal the true nature of his income, Robert Eremian falsely represented himself as a consultant to Sports Offshore rather than the principal of Sports Offshore. The defendant **PATRICE TIERNEY** engaged in a conscious course of deliberate ignorance regarding the true nature of Eremian's income and Eremian's ownership of Sports Offshore. As a result, **TIERNEY** mischaracterized the deposits to the Bank of America bank account as "commissions" in documents submitted to Eremian's tax preparer.

2.      From in or before 2005 and continuing through December 2009, both dates being approximate and inclusive, within the District of Massachusetts and elsewhere, the defendant herein,

## PATRICE TIERNEY

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Form 1040, of Robert Eremian for the calendar years set forth below. These returns were false and fraudulent as to a material matter, in that IRS Form Schedule C, prepared by Robert Eremian's tax preparer, concealed the fact that Robert Eremian was the owner of a business, that the source of the income reported was derived from illegal activity, and that certain deductions taken by Robert Eremian in his personal capacity were, therefore, inappropriate and should have been reported as business expenses on a corporate tax return for Sports Offshore.

Count One — 2005

Count Two — 2006

Count Three — 2007

Count Four — 2008

All in violation of Title 26, United States Code, Section 7206(2).

CARMEN M. ORTIZ
United States Attorney

By: _____
Fred M. Wyshak, Jr.
Assistant U.S. Attorney

Date: October 4, 2010